UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| | : | |
| MARY CHAMBERS o/b/o M.V.T., | : | NO. 1:10-CV-593 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | **OPINION AND ORDER** |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on the Magistrate Judge's August 29, 2011 Report and Recommendation (doc. 10), Plaintiff's Objections (doc. 13), and Defendant's Response (doc. 14). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation and DISMISSES this case from the Court's docket.

## I. Background

Plaintiff filed this action on September 1, 2010 seeking a judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner of Social Security's ("Commissioner") denial of Plaintiff's application for Supplemental Security Income ("SSI") childhood disability benefits (doc. 10).

Plaintiff's guardian filed an application for SSI childhood benefits on his behalf in January of 2007, alleging disability due to attention deficit hyperactivity ("ADHD") and oppositional defiant disorder ("ODD") (doc. 10). His application

was denied initially and upon reconsideration (_Id_.). Plaintiff requested and was granted a _de novo_ hearing before administrative law judge (ALJ) Ronald M. Kayser. After one hearing, the ALJ requested an examination of Plaintiff by a consultative psychologist. At a second hearing, Doug McKeown, Ph.D., testified as a medical expert (_Id_.). On July 31, 2009, the ALJ issued a decision denying Plaintiff's SSI application (_Id_.). The Appeals Council denied Plaintiff's request for review, making the decision of the ALJ the final administrative decision of the Commissioner (_Id_.).

An individual under the age of 18 is considered disabled for SSI purposes "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." (doc. 10 _citing_ 42 U.S.C. §1382c(a)(3)(C)(I)). The Social Security Administration has adopted a three-step analysis for determining whether a child is disabled for purpose of SSI benefits (_Id_. _citing_ 20 C.F.R. §416.924(a)-(d)). The ALJ determined that Plaintiff satisfied the first two steps of this test (_Id_.). However, the ALJ determined that Plaintiff did not satisfy the third step, which is to determine whether the child's impairments meet or equal any of the Listing of Impairments in Appendix 1 of 20 C.F.R. pt. 404, subpt.

P (doc. 10 <u>citing</u> 20 C.F.R. §416.924(a)–(d)).

In determining whether a child's impairment meets or medically equals the Listings, the adjudicator must assess the child's functioning in six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for oneself; and 6) health and physical well-being. (doc. 10 <u>citing</u> 20 C.F.R.§416.926a(b)(1)(i)–(vi)). To functionally equal an impairment in the Listings, an impairment must result in "marked" limitations in two domains or an "extreme" limitation in one domain (doc. 10 <u>citing</u> 20 C.F.R. § 416.926a(d). In making this evaluation, the relevant factors are: 1) how well the child initiates and sustains activities, how much extra help he needs, and the effects of structure or supportive settings; 2) how the child functions in school; and 3) how the child is affected by his medications or other treatment (doc. 10 <u>citing</u> 20 C.F.R. § 416.926a(a)(1)–(3).

If the child's impairment meets or equals the Listings and the impairment satisfies the Act's duration requirement, then the child is considered disabled (doc. 10 <u>citing</u> 20 C.F.R. § 416.924(d)(1). Both of these requirements must be satisfied for the child to be considered disabled (doc. 10 <u>citing</u> 20 C.F.R. § 416.924(d)(2).

The ALJ concluded that Plaintiff was not engaged in any

substantial gainful activity, and had the following severe impairments: Attention Deficit Hyperactivity Disorder; opposition defiance disorder; rule out conduct disorder; and rule out bipolar disorder (doc. 10). However, the ALJ determined that Plaintiff did not have an impairment that meets or is medically or functionally equal to one of the impairments listed in 20 C.F.R. Part 404 (Id.).

Therefore, the ALJ determined that Plaintiff had not been disabled, as defined in the Social Security Act, since January 19, 2007 (Id.).

Plaintiff appealed the Commissioner's decision to this Court, contending that the ALJ erred by giving more weight to the opinion of Dr. McKeown, the medical expert who testified at the hearing, than to Dr. Brewer, Plaintiff's long-time treating primary care physician, and Mr. Kroger, the consultative psychological examiner (doc. 10). The latter two offered opinion evidence indicating Plaintiff's impairments were functionally equivalent to a listed impairment. However, the ALJ found these opinions to have little probative value. Instead, the ALJ found Dr. McKeown's testimony concluding that Plaintiff had "less than marked" limitations in each of the six functional domains both persuasive and highly probative (Id.).

The Magistrate Judge determined the ALJ's non-disability finding was supported by substantial evidence and recommended that it be affirmed (doc. 10). Plaintiff filed his Objections (doc. 13)

4

on September 23, 2011, and Defendant filed its Responses (doc. 14) on October 7, 2011, such that this matter is now ripe for the Court's review.

## II. Discussion

The Court reviews this matter de novo because Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. Fed. R. Civ. P. 72(b). Rule 72(b) states that "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule" (Id.). The Rule further indicates that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions" (Id.).

The Court's review of the Commissioner's determination is limited by 42 U.S.C. § 405(g), and as such, the Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision (doc. 10). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (Id., citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

## A. The Magistrate Judge's Report and Recommendation (doc. 10)

In her Report and Recommendation, the Magistrate Judge

thoroughly reviewed the evidence in the record and concluded that the ALJ identified sufficient evidence to support his decision (doc. 10). The Magistrate Judge then reviewed Plaintiff's two arguments on appeal, that 1) the ALJ's reliance on the opinion of Dr. McKeown to determine Plaintiff's conditions does not meet or equal any listing is contrary to law because he never examined the Plaintiff, and 2) that the ALJ erred by not crediting the evidence in favor of a disabled finding from Plaintiff's treating physician Dr. Brewer and SSA examining psychologist Mark. D. Kroger, M.S. (Id.).

The Magistrate Judge determined that this case turns on the nature of Plaintiff's oppositional defiant disorder and the severity of Plaintiff's functional limitations resulting from the ODD and ADAD (doc. 10). The Magistrate Judge noted that Plaintiff is generally correct that the opinion of a treating physician is entitled to controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record" (doc. 10, quoting Blakely v. Commissioner of Social Sec., 581 F.3d 399, 406 (6th Cir. 2009)(internal quotations omitted). However, the Magistrate Judge found the ALJ thoroughly explained why he determined that Plaintiff's functional limitations were not as marked or extreme as claimed by Dr. Brewer and Mr. Kroger (doc. 10).

The Magistrate Judge cited four reasons why the ALJ relied on the opinion of the medical expert Dr. McKeown over Plaintiff's treating and examining physicians (doc. 10). First, the medical expert testified Plaintiff's ODD diagnosis reflects a lack of cooperation or a deliberate behavior rather than a lack of ability to control behavior (Id.). The medical expert opined that such a behavioral disorder is not a mental disease or defect, but is fully controllable with appropriate supervision and treatment (Id.). Second, the medical expert testified that Plaintiff's behavior was not reflective of a more serious mental problem, citing the lack of intensive therapeutic intervention that would be expected if Plaintiff's functional impairments were as severe as the treating and examining physicians suggested (Id.). Third, the medical expert explained there was insufficient evidence to indicate a level of severity for a bipolar disorder diagnosis (Id.). Fourth, the medical expert disagreed with the examining physician's assessment of "marked" and "extreme" limitations in two of the functional domains, noting that Plaintiff's impairments were not so severe that he is in inpatient treatment or kicked out of school (Id.).

The Magistrate Judge determined that the ALJ's adoption of the medical expert's opinions and reasoning was based on evidence that "a reasonable mind might accept as adequate to support a conclusion" (doc. 10, citing Rogers v. Comm'r of Soc.

Sec., 486 F.3d 234, 241 (6th Cir. 2007)(internal quotation marks and citation omitted)). The ALJ was faced with conflicting evidence as to the severity of Plaintiff's functional limitations and their cause, and the ALJ was permitted to consider the expert testimony to assist in understanding and reconciling the medical evidence of the record (doc. 10, citing Massey v. Comm'r of Soc. Sec., 409 F. App'x 917, 921 (6th Cir. 2011)(finding ALJ did not err in failing to give controlling weight to a treating physician where ALJ relied on a medical expert's hearing testimony, which cast doubt on treating physician opinion)).

The Magistrate Judge found that in weighing the medical opinions, the ALJ was entitled to consider that Dr. McKeown is a specialist with a doctoral degree in psychology in comparison to Dr. Brewer, who was a general practitioner, and Mr. Kroger, who had a master's degree in psychology (doc. 10, citing Johnson v. Comm'r of Soc. Sec., 652 F.3d 646, 2011 WL 2652192, at *5 (6th Cir. July 8, 2011)(opinion of a specialist with respect to medical condition at issue is given more weight than that of a non-specialist)(citing 20 C.F.R. § 404.1527(d)(5)). The Magistrate Judge noted that under certain circumstances, the opinions of non-examining state psychological consultants may be given greater weight than the opinions of treating or examining sources (doc. 10, citing Social Security Ruling 96-6p, 1996 WL 374180, *3 (July 2, 1996).

In addition, the Magistrate Judge noted that Dr. McKeown

was the only expert to review the entire case file (doc. 10, <u>citing</u> <u>Blakely</u>, 581 F.3d at 409)(ALJ may rely on non-examining source opinion over treating source opinion when non-examining source bases the assessment on a review of the complete medical record). Furthermore, Dr. McKeown based his opinion on his professional experience with mentally impaired youth, opining that Plaintiff's behavior was a deliberate choice and not the product of a mental disease that could impose the marked and extreme limitations found by Dr. Brewer and Mr. Kroger (doc. 10). Dr. McKeown noted that Plaintiff's treatment was not commensurate with the level of severity the other doctors indicated. In contrast, Mr. Kroger relied heavily on reports from Plaintiff's guardian (<u>Id</u>.).

In sum, the Magistrate Judge concluded that the ALJ fully considered the opinions of Dr. Brewer and Mr. Kroger and reasonably relied on the reasons given by Dr. McKeown for discounting their opinions (doc. 10). Accordingly, the Magistrate Judge found the ALJ's decision must be affirmed because the inferences reasonably drawn from the record are supported by substantial evidence (<u>Id</u>.).

**B. Plaintiff's Objections (doc. 13)**

Plaintiff argues in his objection that 1) the ALJ had a preconceived notion about the outcome of Plaintiff's hearing, 2) that the Magistrate Judge and ALJ erred in crediting Dr. McKeown's testimony as substantial evidence that Plaintiff is not disabled and 3) that the ALJ erred by failing to provide Plaintiff with an

opportunity to cross-examine Dr. McKeown about his qualifications (doc. 13).

First, Plaintiff contends that the outcome of the hearing on the basis of Dr. McKeown's testimony was a foregone conclusion. (Id.). In support of this contention, Plaintiff cites the ALJ's statements that he could have made a decision when Plaintiff refused to cooperate with Mr. Kroger's exam and that there was no voir dire qualification of Dr. McKeown as an expert witness or an opportunity to challenge his qualifications. (Id.).

Secondly, Plaintiff argues the ALJ improperly credited Dr. McKeown's testimony over that of Dr. Brewer and Mr. Kroger. (Id.). Plaintiff points out that the ALJ and the Magistrate Judge did not apply the criteria in 20 C.F.R. §§ 404.1527 and 416.927 to evaluate the opinions of physicians and psychologists. (Id.). Plaintiff contends these criteria support the opinions of Dr. Brewer and Mr. Kroger. Plaintiff also discounts Mr. Kroger's reliance on the 2004 intellectual testing, which the ALJ had referred to as "out of date" when ordering Mr. Kroger's consultative evaluation. (Id.). In addition, Plaintiff questions Dr. McKewon's distinction between mental disorders and behavioral disorders, arguing there is no such distinction in the Listing of Impairments. (Id.).

Finally, Plaintiff casts doubt on Dr. McKeown's credentials. (Id.). Plaintiff questions the legitimacy of Dr.

McKeown's professional experience as a clinical director of an adolescent facility and expresses doubt as to whether Dr. McKeown in fact reviewed the entire record. (<u>Id</u>.).

**C. Defendant's Response (doc. 14)**

Defendant Commissioner responds that the Plaintiff had an opportunity to question Dr. McKeown about his qualifications when Plaintiff cross-examined Dr. McKeown. (doc. 14). Defendant contends that Plaintiff has not shown the ALJ was unreasonable in accepting that Dr. McKeown was a legitimate expert. (<u>Id</u>.).

Secondly, Defendant argues that the ALJ was reasonable in giving the most weight to Dr. McKeown's opinions. (<u>Id</u>.). Defendant contends the Magistrate Judge's Report and Recommendation thoroughly indicate the ALJ reasonably weighed the medical and other evidence relating to Plaintiff's impairments and that the ALJ's findings are supported by substantial evidence. (<u>Id</u>.). Specifically, Defendant points out that Dr. McKeown reviewed more evidence than Mr. Kroger, that Mr. Kroger largely relied on uncorroborated statements by the Plaintiff's guardian, and that Dr. Brewer was not a mental health specialist. (<u>Id</u>.). Defendant further notes that the record did not contain any evidence of treatment commensurate with the severity of Plaintiff's behavior as opined by Dr. Brewer and Mr. Kroger. (<u>Id</u>.).

**D. Analysis**

Having reviewed and considered this matter <u>de</u> <u>novo</u>, the

Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct. The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 10), and denies Plaintiff's Objections (doc. 13).

In spite of Plaintiff's objections to the Magistrate Judge's Report, the Court finds sufficient evidence in the record to substantiate the ALJ's findings. 42 U.S.C. § 405(g); <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971). Specifically, the Magistrate Judge did not err in finding that the ALJ reasonably relied on the opinion of Dr. McKeown over that of Mr. Kroger and Dr. Brewer. The Magistrate Judge also did not err in determining that the ALJ's decision was substantially supported by the record. The Court agrees with the Magistrate Judge that the ALJ provided good reasons for discounting the opinions of Dr. Brewer and Mr. Kroger in conformance with the regulations and <u>Wilson v. Comm'r of Soc. Sec.</u>, 378 F.3d 541 (6th Cir. 2004). The Court notes that the ALJ also considered the opinions of state agency psychologists who opined that Plaintiff did not functionally equal any listed impairment (doc. 10). In sum, Plaintiff has failed to support his contention that the ALJ's decision is not supported by substantial evidence. Thus, the ALJ's determination must stand. (<u>Kinsella v. Schweiker</u>, 708 F.2d 1058, 1059 (6th Cir. 1983)).

As for Plaintiff's allegation that the ALJ had a

preconceived notion that he would deny Plaintiff's claim, the Court agrees with the Magistrate Judge that the ALJ's statements do not support Plaintiff's contention (doc. 10). The ALJ's written decision reflects that he based his decision on Dr. McKeown's testimony and not on his own preconceived notion of Plaintiff's behavior (doc. 10).

As for Plaintiff's contention that Dr. McKeown's qualifications were untested, the Court agrees with the Defendant that if Plaintiff had any doubts about Dr. McKeown's qualifications, Plaintiff had an opportunity to question Dr. McKeown about his qualifications at the hearing (doc. 14).

For these reasons, the Court does not find Plaintiff's objections well-taken. The Court finds the ALJ's decision to deny Plaintiff's application for Supplemental Security Income childhood disability benefits is supported by substantial evidence in the record, and thus the Commissioner's decision is not reversible. 42 U.S.C. § 405(g).

## III. Conclusion

The Court concludes that the ALJ's decision that Plaintiff was not entitled to Supplemental Security Income childhood disability benefits was supported by substantial evidence. Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 10) in all respects, AFFIRMS the decision of the Commissioner, and DISMISSES this case

from the Court's docket.

        SO ORDERED.

Date: February 14, 2012   /s/ S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States District Senior Judge